United States Bankruptcy Court
Eastern District of Pennsylvania

In re:   Case No. 11-19654-elf
Daniel F. O'Brien   Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2   User: admin   Page 1 of 2   Date Rcvd: Mar 24, 2017
    Form ID: 3180W   Total Noticed: 12

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 26, 2017.
```
db             +Daniel F. O'Brien,    3105 Trinity Court,    Chester Springs, PA 19425-8748
12632623       +Central Tax Bureau of PA,    128 W. 2nd Street,    Berwick, PA 18603-4798
12773399       +US Bank NA,    Chase Records Ctr.,    700 Kansas Lane,    Monroe, LA 71203-4774
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: bankruptcy@phila.gov Mar 25 2017 02:12:53     City of Philadelphia,
                 City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA 19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Mar 25 2017 02:11:46
                 Pennsylvania Department of Revenue,   Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA 17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Mar 25 2017 02:12:30     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,    Philadelphia, PA 19106-4404
12655778        EDI: BANKAMER2.COM Mar 25 2017 01:58:00      FIA CARD SERVICES, N.A.,    PO Box 15102,
                 Wilmington, DE 19886-5102
12651782        EDI: BMW.COM Mar 25 2017 01:58:00      BMW Financial Services NA, LLC,    P.O. Box 3608,
                 Dublin, OH 43016
12642907       +E-mail/Text: bankruptcycollections@citadelbanking.com Mar 25 2017 02:13:18
                 Citadel Federal Credit Union,    520 Eagleview Blvd,    Exton PA 19341-1119
12683243       +EDI: OPHSUBSID.COM Mar 25 2017 01:58:00      OAK HARBOR CAPITAL IV, LLC,
                 C O WEINSTEIN AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
12725244        EDI: PRA.COM Mar 25 2017 01:58:00      Portfolio Recovery Associates, LLC,    POB 41067,
                 Norfolk VA 23541
13024764       +EDI: PRA.COM Mar 25 2017 01:58:00      PRA Receivables Management, LLC,    POB 41067,
                 Norfolk, VA 23541-1067
                                                                                              TOTAL: 9
```

         ***** BYPASSED RECIPIENTS *****
NONE.   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 26, 2017   Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 23, 2017 at the address(es) listed below:
```
              ANN E. SWARTZ    on behalf of Creditor   J.P. Morgan Chase Bank, N.A., as Servicer
               ecfmail@mwc-law.com, ecfmail@mwc-law.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor   U.S. BANK NATIONAL ASSOCIATION, Et al
               bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor   U.S. Bank National Association, as Trustee, s/i/i
               Bank of America, National Association s/b/m LaSalle Bank National Association, as Trustee for
               Certificateholders of Bear Stearns Asset Backed Securiti bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              MICHAEL A. CATALDO2    on behalf of Debtor Daniel F. O'Brien ecf@ccpclaw.com,
               igotnotices@ccpclaw.com
              MICHAEL A. CATALDO2    on behalf of Plaintiff Daniel F. O'Brien ecf@ccpclaw.com,
               igotnotices@ccpclaw.com
              MICHAEL A. CIBIK2    on behalf of Debtor Daniel F. O'Brien ecf@ccpclaw.com,
               igotnotices@ccpclaw.com
              THOMAS I. PULEO    on behalf of Creditor   U.S. Bank National Association, as Trustee, s/i/i Bank
               of America, National Association s/b/m LaSalle Bank National Association, as Trustee for
               Certificateholders of Bear Stearns Asset Backed Securiti tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER    ecfemails@ph13trustee.com, philaecf@gmail.com
```

```
District/off: 0313-2          User: admin              Page 2 of 2              Date Rcvd: Mar 24, 2017
                              Form ID: 3180W           Total Noticed: 12
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
                                                                                              TOTAL: 9

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Daniel F. O'Brien** | Social Security number or ITIN  **xxx–xx–1009** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **11–19654–elf** | |

# Order of Discharge                                                                  12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Daniel F. O'Brien

3/23/17                                                    **By the court:**    Eric L. Frank
                                                                                United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**